UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. WILLIAMS,<br>    Petitioner,<br>    v.<br>CRAIG KOENING,<br>    Respondent. | Case No. 19-cv-08419-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 1, 4 |

This action exists because *pro se* petitioner Paul Williams failed to follow directions in an order issued in an earlier action he had filed. As will be explained, Williams' failure to carefully read the court's earlier order in his 2014 habeas action led him to file a legally meritless Rule 60(b)(6) motion and to compound the error by not indicating that the motion was intended for an existing action. As is often the situation, it is more complicated to describe the problem than to solve it. The court will dismiss this action, and require Williams to file future documents in the 2014 action.

Understanding the problem in the present action is easier if one understands what occurred in *Williams v. Curry*, Case No. 14-cv-1795 SI ("the 2014 action"), in which Williams challenged his assault conviction from the San Francisco County Superior Court. In the 2014 action, Williams filed a petition for writ of habeas corpus asserting several claims and quickly moved for a stay so that he could return to state court to exhaust state judicial remedies for some of his claims. This court granted the motion in a November 10, 2014, order that stated:

> Williams' motion for a stay and abeyance is GRANTED. (Docket # 10.) . . . After Williams concludes his state court efforts to exhaust his new claim, he may move to file an amended petition in which he presents all his claims, including the now dismissed Claims 2 through 5.

> For the foregoing reasons, this action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Williams exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add the newly exhausted claims.

Docket No. 12 at 3 in the 2014 action. (The order also required Williams to pay the filing fee, which he still has not done.) In 2015 and 2016, Williams filed status reports in the 2014 action indicating that he was still trying to exhaust state court remedies. No judgment or final order was issued in the 2014 action. Instead, the 2014 action remains stayed and administratively closed.

The present action was opened when Williams filed a document entitled "Petitioner's Motion Pursuant to Fed. R. Civ. P. 60(b)(6)" that had no existing case number on it. Docket No. 1. The motion "ask[ed] the District Court for relief from the current unjustly [sic] Judgment," *id.* at 7, and argued that there were errors in his state court criminal case. The clerk sent a notice to Williams that a proper pleading had not been filed and enclosed a blank form petition for writ of habeas corpus for Williams to fill out and file. Docket No. 2. Williams thereafter filed a "motion to clarify and/or correct," in which he stated that he was not trying to file a new petition for writ of habeas corpus; he explained that his Rule 60(b)(6) motion pertained to the 2014 action in which this court "never gave petitioner notice that his case was officially – administratively closed," and that he had established extraordinary circumstances that entitled him to relief under Rule 60(b)(6). Docket No. 4. Attached to the motion to clarify was a copy of this court's November 10, 2014, order to stay proceedings and to administratively close the 2014 action.

In short, the Rule 60(b)(6) motion asserted errors in the state court criminal case, while the motion to clarify asserted that there was an error in the 2014 action because this court never gave Williams notice that his action was "officially administratively closed." Both fail.

The Rule 60(b)(6) motion is DENIED because a Rule 60(b) motion may not be used to attack a state court criminal conviction. Docket No. 1. If a prisoner wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Williams' motion to clarify offers up the argument that Rule 60(b) relief should be granted because the 2014 action was never "officially" administratively closed. This argument is meritless

2

1 because the order in the 2014 action, in its title and text, would not have misled anyone to believe that the action had *not* been administratively closed. There is no further "official" notice sent out when the clerk implements an instruction in an order, such as the directive to administratively close the 2014 action. Williams' position also makes little practical sense: if the 2014 action was never administratively closed, there would be no reason for him to try to set aside the order to administrative close the 2014 action – he could just file documents in that action. The motion to clarify is GRANTED in that the court has considered it, but the court rejects the merits of the arguments made in that motion. Docket No. 4. Because there is no final order or judgment in the 2014 action, the court will not direct that the Rule 60(b) motion be filed in that action – it would be as meritless there as it is as it is in this action.

If Williams has completed his efforts to exhaust state court remedies as to his claims regarding the San Francisco conviction, he can, and should, simply follow the directions in the November 11, 2014, order in Case No. 14-cv-1795 SI. That is, if he has completed exhausting his state court remedies, he should file *in Case No. 14-cv-1795 SI* a motion to reopen the action, to lift the stay, and to amend his petition.

This action is DISMISSED because Williams is not entitled to relief against his state court criminal conviction based on his Rule 60(b) motion. The dismissal is without prejudice to Williams pursuing habeas relief in Case No. 14-cv-1795 SI. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 8, 2020

SUSAN ILLSTON
United States District Judge